UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| STEVEN BRANDHOFF, | ) | |
| *Defendant/Counter-Plaintiff*, | ) | |
| _____ | ) | 1:12-cv-1591-JMS-DML |
| | ) | |
| STEVEN BRANDHOFF, | ) | |
| *Third-Party Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| THE HANOVER INS. GROUP, INC. | ) | |
| *Third-Party Defendant.* | ) | |

## ORDER TO REMAND ACTION TO STATE COURT

Third-Party Defendant The Hanover Insurance Group, Inc. ("Hanover") removed this ac-tion from state to federal court on October 29, 2012, representing that this Court has diversity jurisdiction over the matter. [Dkt. 1.] For the following reasons, the Court concludes that it must remand this action to state court.

Hanover's notice of removal contains numerous insufficient jurisdictional allegations. The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

First, Hanover alleges that Plaintiff/Counter-Defendant Bayview Loan Servicing, LLC ("Bayview") is incorporated and has its principal place of business in Florida. [Dkt. 1 at 2.] But Bayview appears to be an unincorporated association, and the citizenship of an unincorporated

association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).

Second, Hanover pleads the citizenship of third-party defendant Underwriters at Lloyd's London ("Lloyd's") as if it were a foreign corporation.  [Dkt. 1 at 2.]  But the Seventh Circuit Court of Appeals has analyzed the London insurance market, specifically the organization of underwriting syndicates such as Lloyd's, and held that "[u]nderwriting syndicates are not corporations" and that they must be treated like a partnership when determining its citizenship, and it is a citizen of every state of which any partner or member is a citizen.  *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316, 319 (7th Cir. 1998).

Third, Hanover's "belie[f]" that Steven Brandoff is a citizen of Indiana is insufficient to allege Mr. Brandoff's citizenship because jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

In addition to these deficiencies in Hanover's notice of removal, and most importantly, the Seventh Circuit Court of Appeals has held that 28 U.S.C. § 1441(c) does not generally authorize removal by a third party.  *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984); *see also State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).  When a party has no right to remove an action to federal court, the district court's judgment would be void, and the

case must be remanded to state court. *Thomas*, 740 F.2d at 488; *State St. Bank*, 234 F.3d at 1274 (noting that where a third-party defendant improperly removed a case, the district court "should have remanded this case promptly"). Because the Court concludes that pursuant to the Seventh Circuit's pronouncement in *Thomas* it was improper for Hanover to remove this case to federal court, the Court **REMANDS** this action to Marion Superior Court pursuant to 28 U.S.C. § 1447(d).

11/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail**:

BAYVIEW LOAN SERVICING, LLC
c/o Catherine A. Nestrick
Bamberger, Foreman, Oswald and Hahn, LLP
20 NW Fourth Street, 7th Floor
Post Office Box 657
Evansville, IN 47704-0657

Steven Brandhoff
c/o John S. Merlau
P.O. Box 406
New Palestine, IN 46163

Miranda Bray
Feiwell and Hannoy, PC
251 N. Illinois Street, Suite 1700
Indianapolis, IN 46204

**Distribution via ECF only**:

Donald B. Kite Sr.
GONZALEZ SAGGIO & HARLAN LLP
don_kite@gshllp.com

John S. Merlau

john@merlau.com